UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEREMY E. LYNN,

     Plaintiff,

v.                                                                  Case No.  6:24-cv-1799-WWB-DCI

J. SMITH, *et al.*,

     Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiff's Affidavit of Indigency and Prisoner Consent and Financial Certificate (Doc. 6), which the Court construes as a motion to proceed *in forma pauperis*; Plaintiff's Response (Doc. 12) to the Court's December 5, 2024 Order (Doc. 10); and Plaintiff's motion for copies (Doc. 13).

On December 5, 2024, the Court reviewed Plaintiff's construed motion to proceed *in forma pauperis* and found it incomplete because it did not contain the required signature of an authorized prison official or the required financial statement for Plaintiff's jail account. The Court noted that

although Plaintiff explained that prison officials refused to sign and notarize the forms, Plaintiff did not provide an explanation for the missing financial statement. (*See* Doc. 10 at 1–2 (citing Doc. 6 at 4, 5, 6, 8; Doc. 7 at 2). Accordingly, the Court ordered that Plaintiff must, within twenty-one days, "either (1) pay the filing fee in full; (2) file the required copy of his jail account statement showing his transactions for the six months immediately preceding his filing of the Complaint; or (3) file a response to th[e] order indicating why the financial statement cannot be provided." (Doc. 10 at 4).

Plaintiff responds that he has contacted eight different officials at the Volusia County Branch Jail to obtain his account summary. Some did not respond, and others directed him to contact different officials, but one official informed him that his financial statement would not be provided to him because he did not have the funds in his account to pay the fee of $0.15 per page. (Doc. 12 at 8–10).

The Prison Litigation Reform Act ("PLRA") provides:

> (1)    . . . [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
> -

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b).

Upon consideration of Plaintiff's response, along with his Affidavit of Indigency and Prisoner Consent and Financial Certificate, which reflect a current zero-dollar balance in his account, the Court will not require Plaintiff to pay an initial partial filing fee. However, under 28 U.S.C. § 1915(b)(1), Plaintiff is assessed the full $350.00 filing fee for civil actions.

The Court acknowledges Plaintiff's frustration regarding (1) "mail room officials . . . opening the legal mail without the inmate being present and uploading the documents onto the tablet" rather than forwarding legal mail "in . . . physical form to the inmate" (Doc. 12 at 4); and (2) the limited

number of tablets[1] available to inmates, which causes fights among inmates for access to the tablets. (Doc. 12 at 10). However, the Court notes that Plaintiff provided to the Court only his "Smart Communications" address that is used for regular mail, not legal mail. (*See* Doc. 9 at 2).

The Court takes judicial notice, under Rule 201, Fed. R. Evid., of Volusia County Division of Corrections' "Inmate Information/Inmate Accounts/Mail Procedures and Regulations," which is publicly available on the Volusia County Division of Corrections website, https://www.volusia.org/services/public-protection/corrections/. That information explains that "[r]egular mail is processed at an offsite facility where it is electronically scanned and forwarded to Volusia County Corrections for inspection. Upon clearance, the mail is delivered to the inmate through an application on a handheld tablet." *Id.* at 3. Privileged mail, such as legal mail, "must come directly from an attorney, court, or government entity" and must be sent to Volusia County Corrections at a different address. *Id.* To assist Plaintiff in obtaining his legal mail through

---

[1] Plaintiff explains that the tablets are used for various things including to review mail, communicate with others, request a medical exam, request to speak with a chaplain, and request law library access. (Doc. 12 at 5, 11).

the proper channels, the Court directs the Clerk to update his legal mail address on the docket.

Finally, Plaintiff requests a copy of the Local Rules and any standing orders of the Middle District of Florida, as well as a guide to proceeding without a lawyer. (Doc. 13). Given Plaintiff's stated difficulty obtaining a tablet for weeks at a time to make requests such as to access the law library (Doc. 12 at 5, 11), and given his inability to access the Court's website due to the fact of his incarceration, the Court grants his requests for copies as set forth below.

Accordingly, it is **ORDERED** that:

1.  Plaintiff's construed motion to proceed i*n forma pauperis* (Doc. 6), is **GRANTED** to the extent that the case may proceed without the prepayment of the filing fee; however, Plaintiff is assessed the full $350.00 filing fee for civil actions. 28 U.S.C. § 1915(b)(1).

    a. Plaintiff is required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into his prisoner account). The agency having custody of Plaintiff shall forward payments from the Plaintiff's account on a monthly basis to the Clerk of Court

each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." Personal checks will not be accepted.

b. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto:

   i.  the full name of the prisoner (**Jeremy E. Lynn**);

   ii. the prisoner's inmate number (**#1148382**); and

   iii. Middle District of Florida Case No. **6:24-cv-01799-WWB-DCI**.

   Checks or money orders that do not have this information will be returned to the penal institution.

c. Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him lapses in its duty to make payments on his behalf. For this reason, if Plaintiff is transferred to another jail or correctional institution, he must ensure that the new institution is

informed about this lawsuit and the required monthly payments as set out herein. If Plaintiff is released from custody, he must advise the Court and file a new motion to proceed *in forma pauperis*. Plaintiff is advised to retain a copy of this order for this purpose.

2. **Plaintiff's failure to comply with this order may result in the dismissal of this case without further notice**.

3. Plaintiff's motion for copies (Doc. 13) is **GRANTED** to the extent that the Clerk shall mail to Plaintiff, along with this Order, a copy of: (1) the Local Rules for the Middle District of Florida and (2) the Guide for Proceeding Without a Lawyer.

4. The Clerk of Court shall also:

   a. **MAIL** a copy of this Order to:

   > Volusia County Corrections,
   > 1354 Indian Lake Road,
   > Daytona Beach, Florida, 32124,
   > Attention: Inmate Bank Account Department.

   b. Update Plaintiff's mailing address on the docket for legal mail purposes to the following:

Volusia County Corrections
1354 Indian Lake Road
Daytona Beach, Florida, 32124.

**DONE** and **ORDERED** in Orlando, Florida on January 9, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Party